IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADY KASSEM,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No.: 1:05CV02352 <br> ) |
| **WASHINGTON HOSPITAL CENTER,** | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

### DEFENDANT WASHINGTON HOSPITAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff's Opposition to the Hospital's Motion to Dismiss is primarily based on the common law public policy exception to the at-will employment doctrine under Adams v. George W. Cochran and Co., 597 A.2d 28, 30 (D.C. 1991). The Adams exception, however, does not apply where the public policy at issue provides its own statutory remedy.

Here, Plaintiff's breach of contract/wrongful termination claim should be dismissed with prejudice because the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5851, provides a comprehensive and exclusive remedy for Plaintiff's claim that precludes a wrongful termination claim based on the public policy exception. Nolting v. National Capital Group, Inc., 621 A.2d 1387 (D.C. 1993). The Nolting decision is both the controlling law in the District of Columbia and dispositive of Plaintiff's claim. In addition, Plaintiff's intentional infliction of emotional distress claim should also be dismissed with prejudice because the allegations in Plaintiff's Complaint fail to rise to the level of extreme and outrageous conduct necessary to maintain such a claim.

77907

A.      **Plaintiff Has Failed To State A Breach of Contract Claim.**

As an initial matter, the Hospital's Motion should not be converted into a Rule 56 Motion for Summary Judgment because, contrary to Plaintiff's assertions, the Hospital has not introduced a matter outside of the pleading. Rather, the Hospital attached to its Motion a document that is "referred to in the Complaint and central to Plaintiff's [breach of contract] claim." Lipton v. MCI Worldcom, Inc., 135 F. Supp. 2d 182, 186 (D.D.C. 2001). Such documents may be considered without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. Id. Moreover, in ruling on a Rule 12(b)(6) motion, the Court may only consider those facts alleged in the Complaint, rather than facts alleged in an opposition brief. Shapiro, Lipschitz & Schram, P.C. v. R.E. Hazard, Jr., 24 F. Supp. 2d 66, 79 (D.D.C. 1998) ("factual allegations in briefs are not properly considered on a Rule 12(b)(6) motion to dismiss").

Regardless, it is now clear that Plaintiff failed to state a claim for breach of contract and, in fact, has effectively abandoned this theory. As demonstrated in the Hospital's Motion, Plaintiff did not have a contract of employment. In his Opposition, Plaintiff barely challenges this argument, stating only that the Complaint "sets forth the origin of plaintiff's employment relationship with WHC as a series of acts demonstrating that a contract of employment was entered into between the parties." Opposition p. 3. Plaintiff offers nothing to contradict the well-settled cases demonstrating that the "series of acts" alleged in the Complaint do not, as a matter of law, create a contract of employment. While at-will employment may very well be viewed as "a species of contract," this does not mean that an at-will employee may seek relief under a breach of contract theory. As this Court recently held in Daisley v. Riggs Bank, N.A., 372 F. Supp. 2d 61, 68 (D.D.C. 2005), absent evidence of an enforceable employment contract,

2

Plaintiff "has no remedy in contract law for his termination." As such, Plantiff's breach of contract claim should be dismissed.

B.     **Plaintiff Cannot Rely on the Public Policy Exception Because of the Availability of a Specific and Significant Statutory Remedy.**

Recognizing that he has no claim under a breach of contract theory, Plaintiff in his Opposition has attempted to re-characterize Count I of his Complaint as alleging a tort claim for wrongful termination. Opposition at 3 n.1. ("Although labeled as a Breach of Contract, the count states a claim for wrongful discharge"). To the extent the Court accepts this re-characterization, this claim should still be dismissed because the existence of a specific statutory remedy precludes a claim for wrongful discharge.

As a general rule, District of Columbia Courts do not recognize the tort of wrongful discharge of an at-will employee. This is because, under the at-will employment doctrine, an employer "may discharge an at-will employee at any time and for any reason, or for no reason at all." Adams v. George W. Cochran & Co., Inc., 597 A.2d 28, 30 (D.C. 1991). In Adams, however, the D.C. Court of Appeals carved out "a very narrow" exception to the at-will employment doctrine and recognized, for the first time, the tort of wrongful termination on the basis of public policy. 597 A.2d at 34.

In essence, the public policy exception was created as a last resort for plaintiffs who would otherwise have no recourse for their claimed injury. Nolting v. National Capitol Group, Inc., 621 A.2d 1387, 1389 (D.C. 1993) ("there was no administrative or other remedy available to the Plaintiff. The injury to the Plaintiff in Adams would have gone uncompensated if the court refused to recognize a public policy tort"). The existence of a statutory remedy, therefore, renders the public policy exception inapplicable. The D.C. Court of Appeals made this clear in Nolting v. National Capital Group, Inc., 621 A.2d 1387 (D.C. 1993), where the Court held that

3

the dismissal of the complaint with prejudice is proper when a plaintiff attempts to plead a wrongful termination claim under a public policy exception despite an exclusive statutory remedy.  Id. at 1390.  The Nolting decision is entirely dispositive of Plaintiff's claim.

**1.  Plaintiff May Not Rely on the Public Policy Exception When the Public Policy at Issue Provides its Own Statutory Remedy.**

In Nolting, the plaintiff alleged that she was terminated from her employment for filing a workers' compensation claim and brought a wrongful discharge claim against her employer.  The plaintiff argued that she was entitled to relief under the Adams exception to the at-will employment doctrine.  The Court of Appeals first noted that the District of Columbia Workers' Compensation Act contains an administrative remedy for any discrimination or retaliation claims that may arise under the Act.  The Court then held that "an employee who claims she has been discharged in retaliation" for making a workers' compensation claim may not "eschew the administrative remedy and instead obtain recovery against the employer on a tort theory of wrongful discharge under the narrow 'public policy' exception to the employment-at-will doctrine recognized by this Court."  Nolting, 621 A.2d at 1387.

The plaintiff in Nolting, like Plaintiff in the instant case, argued that she was entitled to relief under the Adams exception to the employment-at-will doctrine.  The Court found this argument to be untenable for two reasons.  First, the Court stated that "we are dealing here with a statutory provision which not only creates the wrong but also contains a specific remedy to compensate the person suffering that wrong.  No such statute was involved in Adams; there was no administrative or other remedy available to the plaintiff."  Id. at 1389.  As the Court pointed out, the plaintiff in Adams would have gone uncompensated for the wrong he suffered had the Court not found a public policy exception.  The plaintiff in Nolting, like Plaintiff in the instant

4

case, did not "stand in that same position" as the Adams plaintiff since the Nolting plaintiff had a clear administrative remedy through which to obtain her compensation.

The Court in Nolting also refused to expand the at-will exception and instead "emphasized the narrowness of the Adams exception." Id. The Court did not "think [the exception could] be invoked where the very statute creating the relied-upon public policy already contains a specific and significant remedy for the party aggrieved by its violation." Id. at 1390. Kassem is attempting to do exactly what the plaintiff in Nolting tried – apply an exception to the at-will employment doctrine based on the violation of a statute that contains its own specific remedy. As in Nolting, Plaintiff's claim for wrongful termination should be dismissed with prejudice because the statute that creates the violation under which he is pursuing this action provides its own exclusive remedy for retaliation and discrimination.

    **2.**    **Plaintiff's Public Policy Contains Its Own Administrative Remedy.**

Plaintiff alleges in his Complaint that he was "discharged in retaliation for attempting to ensure compliance by the Washington Hospital Center with applicable NRC nuclear safety regulations." Complaint ¶ 38. The NRC was created by the enactment of the Energy Reorganization Act ("ERA") 42 U.S.C. § 5801 *et. seq.*, which also serves as the statutory authority for the NRC's nuclear safety regulations. In order to facilitate enforcement and compliance with the rules and regulations promulgated under its authority, the ERA contains a specific and comprehensive whistleblower provision that provides that:

> No employer may discharge any employee… because the employee… (a) notified his employer of an alleged violation of this Act or the Atomic Energy Act of 1954; [or] (b) Refused to engage in any practice made unlawful by this Act or the Atomic Energy Act of 1954, if the employee has identified the alleged illegality to the employer.

42 § U.S.C. 5851(a)(1)(A) – (B).

5

In addition, the Nuclear Whistleblower provision provides a comprehensive administrative remedy for an employee who believes he has been discharged in violation of the provision. Specifically, the ERA provides that:

> [A]ny employee who believes that he has been discharged or otherwise discriminated against by the person in violation of subsection (a) may within 180 days after such violation occurs, file…a complaint with the Secretary of Labor…alleging such discharge or discrimination. 42 USC §5851(b)(1). If, after an investigation, the Secretary of Labor determines that a violation has occurred, the Secretary shall order the person who committed such violation to (i) take affirmative action to abate the violation, and (ii) reinstate the complainant to his former position together with compensation (including back pay), terms, conditions, and privileges of his employment, and the Secretary of Labor may order such person to provide compensatory damages to the complainant.

42 U.S.C. § 5851 (b)(2)(B). The Secretary of Labor is also authorized to assess cost and expenses, including attorney and expert fees, in favor of the complainant. Id.

Plaintiff in the instant case is alleging that he was terminated in retaliation for attempting to ensure compliance with the applicable NRC nuclear safety regulations. Section 5851 specifically prohibits the precise actions that Plaintiff alleges the Hospital took against him and provides a specific remedy for any violations. Moreover, the ERA clearly serves as the articulation of the public policy on which Plaintiff relies. The ERA, therefore, not only creates the relied upon public policy, but also "contains a specific and significant remedy for the party aggrieved by its violations." Nolting, 621 A. 2d at 1390.

The D.C. Court of Appeals has held that the public policy exception cannot be invoked in situations such as this where the articulated public policy also contains a remedy for any violations. Nolting, 621 A.2d at 1390. D.C. Courts do not allow plaintiffs such as Kassem to "eschew the administrative remedy and instead obtain recovery against the employer under the

6

narrow 'public policy' exception to the employment-at-will doctrine." Nolting, 621 A.2d at 1387. Under Nolting, therefore, Plaintiff's wrongful discharge claim should be dismissed because he has a specific and significant remedy available under the ERA. See also Maddox v. Washington Hospital Center, Case No. 03-9293 (D.C. Super. Ct. March 31, 2004) (granting defendant's motion for judgment on the pleadings and dismissing plaintiff's public policy exception wrongful termination claim under Nolting where the statue setting forth the relied upon public policy provided its own statutory remedy) (attached hereto as Ex. A).

C.  **Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed Because It Is Based on an Employer-Employee Conflict That Does Not, As a Matter of Law, Rise To The Level of Outrageous Conduct.**

In his opposition, Plaintiff spends considerable time detailing facts and specious allegations not contained in his Compliant. But the allegations contained in Plaintiff's opposition are both baseless and irrelevant because under the applicable District of Columbia case law, Plaintiff's allegations in the Complaint are "of the type that are attributable to employer-employee conflicts [that] do not as a matter of law, rise to the level of outrageous conduct." Thompson v. Jasas Corp., 212 F. Supp. 2d, 21, 28, (DDC 2002) (quoting Kerrigan v. Britches of Georgetowne, Inc., 705 A.2d 624, 628 (DC 1997)). As such, Plaintiff's intentional infliction of emotional distress claim should be dismissed.

As discussed in the Hospital's Motion, in Thompson, this Court adopted the rationale of the District of Columbia Court of Appeals decision in Kerrigan that employer-employee conflicts do not rise to the level of outrageous conduct necessary to state a claim for intentional infliction of emotional distress. Tellingly, Plaintiff has cited no case law supporting his contention that his allegations somehow fall outside of an employer-employee conflict. Moreover, Plaintiff addresses the most closely analogous case, Kerrigan, in a single sentence that simply calls the

7

behavior in Kerrigan "mundane." If the behavior in Kerrigan is "mundane," then so too is the behavior in the instant case.

As detailed in the Hospital's Motion, the Kerrigan facts are nearly identical to those alleged by Plaintiff in the instant case. Specifically, in Kerrigan, the Plaintiff claimed that his employer targeted him for a sexual harassment investigation, manufactured evidence in support of that investigation, leaked information to other employees and ultimately forced him out of his job. Plaintiff in the instant case has alleged essentially the same thing. In particular, Plaintiff's Complaint alleges that the Hospital improperly targeted Plaintiff as the focus of an investigation "based on false accusations" (Complaint at ¶ 9) in which evidence was lost and stories were uncorroborated (Complaint at ¶ 23).

Like the plaintiff in Kerrigan, Plaintiff here alleges that he was improperly the focus of a faulty and tainted investigation. As the court in Thompson stated, Plaintiff's allegations, "even construed as true, [are] of the type attributable to employer-employee conflicts [that] do not, as a matter of law rise to the level of outrage conduct." Thompson, 212 F. Supp. 2d at 28 (quoting Kerrigan, 705 A. 2d at 628). While there is no question that the allegations of the Complaint completely lack merit, even assuming that all such facts were true, this case should still be dismissed. Despite Plaintiff's lengthy and imaginative narrative in his Opposition, he cannot escape the fact that based on the allegations in the Complaint, his intentional infliction of emotional distress claim is the exact type of claim that this Court and the D.C. Court of Appeals has soundly rejected. As such, Count II of Plaintiff's Complaint for intentional infliction of emotional distress should be dismissed.

**CONCLUSION**

Plaintiff's Complaint should be dismissed in its entirety with prejudice. Under the D.C. Court of Appeals' controlling and dispositive decision in <u>Nolting</u>, Plaintiff cannot maintain a claim for wrongful termination based on the public policy exception to the at-will employment doctrine when the public policy on which he relies, as articulated in the ERA, has its own remedial provisions. In addition, under <u>Thompson</u> and <u>Kerrigan</u>, Plaintiff's allegations supporting his intentional infliction of emotional distress claim are of the type attributable to employer-employee conflicts that do not rise to the level of outrageous conduct, as a matter of law. As such, the Hospital's motion to dismiss should be granted and Plaintiff's Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

Dated: February 21, 2006

/s/
Keith J. Harrison (D.C. Bar # 416755)
Daniel M. Creekman (D.C. Bar # 488983)
KING PAGANO HARRISON
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

Counsel for Washington Hospital Center