# EXHIBIT

# A



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

DOUGLAS MADDOX,
          Plaintiff,               :

                        :

                        :

          v.                 :      Civil Action No. 03-9293

                        :      Calendar 14

                        :

WASHINGTON HOSPITAL CENTER, *et al.*, :
          Defendants.        :

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the court on Defendants' motion for judgment on the pleadings. It is

not disputed that Plaintiff was an at-will employee of Defendant Washington Hospital Center.

As such, he could be terminated for <u>any</u> reason, or for no reason at all. The District of Columbia

Court of Appeals has carved out very narrow public policy exceptions to the employment-at-will

doctrine. <u>Carl v. Children's Hospital</u>, 702 A.2d 159, 160 (D.C. 1997) (en banc); <u>Adams v.

Cochran</u>, 597 A2d 28, 34 (D.C. 1991). Plaintiff claims that he fits within one such exception

because, according to his complaint, he was terminated for refusing to work in unsafe conditions

in violation of his rights under the District of Columbia Occupational Safety and Health Act

("D.C. OSHA"), D.C. Code § 32-1101, et seq. In their motion for judgment on the pleadings

directed at Plaintiff's Second Amended Complaint, Defendants argue that Plaintiff's exclusive

remedy for this alleged wrongful termination is the administrative remedy in D.C. OSHA, § 32-

1117(b), and Plaintiff's complaint must therefore be dismissed as a matter of law.

Defendants are correct. D.C. OSHA, § 32-1117(a), provides that an employer cannot

discharge an employee for exercising "a right afforded by this chapter on behalf of the employee

or others." Section 32-1117(e) provides "a right afforded by this chapter," namely, the right not

to be "discharged or otherwise disciplined for refusal to perform work that the employee believes

creates a dangerous situation that could cause harm to the physical health or threatens the safety

of the employee or another employee…or under conditions which are in violation of the health

and safety rules of the District or federal health and safety or environmental laws." Plaintiff

rests his entire complaint on the exercise of this "right." However, D.C. OSH, § 32-1117(b)

provides the remedy for any employee "who believes that he or she has been discharged in

violation of subsection (a) of this section." The elaborate administrative scheme established in

section 32-1117(b), with ultimate judicial review in the District of Columbia Court of Appeals, is

Plaintiff's exclusive remedy for the D.C. OSHA violation he alleges in his complaint. Nolting v.

National Capitol Group, Inc., 621 A.2d 1387 (D.C. 1993).

Plaintiff's attempts to get around the plain language of the statute by arguing that his

D.C. OSHA section 32-1117(e) right is a right that is not covered by section 32-1117(b) because

it is not enumerated in section 32-1117(a) and because there is no separate remedy provision in

section 32-1117(e). Plaintiff is not correct. Plainly, section 32-1117(e) establishes "a right

afforded by this chapter" (DC. OSHA); and just as plainly, section 32-1117(a) protects against

wrongful discharge based on the employee's exercise of "a right afforded by this chapter." No

other interpretation of the statute makes sense. Therefore, accepting as true the allegations of the

complaint, Plaintiff believes he was discharged for exercising the right afforded by section 32-

1117(e), and his exclusive remedy is the administrative remedy provided by section 32-1117(b).

For all the foregoing reasons, it is this 31st day of March 2004

ORDERED that Defendants' motion for judgment on the pleadings be, and it hereby is,

granted.

JUDGE FREDERICK H. WEISBERG

Copies to:

DOCKETED APR 5 2004

Keith Harrison
King, Pagano, & Harrison
1730 Pennsylvania Avenue, N.W., Suite 900
Washington, D.C.

MAILED APR 5 2004

R. Scott Oswald
Employment Law Group
888 17th Street, N.W., Suite 9000
Washington, D.C. 20006