US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FADY KASSEM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:05-CV-02352 (JR) |
| | ) | |
| **WASHINGTON HOSPITAL CENTER,** | ) | |
| | ) | |
| Defendant. | ) | |

### OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE TIME HAVING EXPIRED

Plaintiff's Motion for Leave to file a Surreply Out-of-Time should be denied because Plaintiff has already had the opportunity to file his Surreply, but has failed to properly do so. Plaintiff should not be allowed a "do over," especially when this "do over" request is more than two weeks past the deadline initially established by this Court. Plaintiff's attempt to file a revised Surreply is a clear abuse of the accommodations and prior extensions this Court has already granted Plaintiff. Accordingly, Plaintiff's Motion for Leave to File his Revised Surreply should be denied.

Plaintiff was afforded an opportunity to file a Surreply based on this Court's February 28, 2006, Order. Plaintiff availed himself of this opportunity, albeit untimely, and this Court rejected his efforts. Plaintiff is not entitled to keep filing Surreplies until he finally files one that complies with the Court's Order. Plaintiff is in no way entitled to a second chance.

Plaintiff states in his pending motion that, "Plaintiff's counsel had thought the Surreply was responsive, but was plainly mistaken." There is simply no precedent to

78746

allow Plaintiff multiple tries at a responsive document. Indeed, to do so would waste valuable judicial resources and effectively negate this Court's ability to control the "widespread problems of excessive cost and delay in civil litigation." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145,151 (D.C Cir. 1996).

As the D.C. Circuit made clear in Jackson, it is the Court's "prerogative to manage its docket" through the exercise of "its discretion to determine how best to accomplish this goal." In addition, the Court in Jackson added that "the Supreme Court has long made clear that a District Court need not relinquish control of its docket to a party who repeatedly fails to comply with the Court's procedures." Id. (citing Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176 (1884)). Plaintiff's efforts to resubmit his Surreply runs roughshod over the standard practice of affording an opposing party a single opportunity to respond to an argument. If that response is found wanting, the party does not get a second chance.

Notwithstanding Plaintiff's attempt to circumvent the Court's denial of his previous Motion for Leave to File a Surreply, Plaintiff's current effort should also be denied because his Surreply is now nearly two weeks overdue. In this Court's February 28, 2006 Order, the Court invited Plaintiff to file a Surreply "within eleven days of the date of this Order." Plaintiff's Surreply was thus due on March 13, 2006. Three days after this deadline had passed, Plaintiff filed his First Motion to Extend the filing deadline until March 20, 2006, which this Court granted on March 20, 2006. Twelve minutes before this March 20, 2006 deadline expired, Plaintiff filed a Second Motion to Extend.

Thus, Plaintiff's most recent attempt to file a Surreply Out-of-Time comes after previously missing two deadlines. In short, Plaintiff has utterly abused this Court's

78746

invitation to file a Surreply – a filing Plaintiff would ordinarily have no right to file. Accordingly, this Court has full "prerogative to manage its docket, and its discretion to determine how best to accomplish this goal" by denying Plaintiff's motion for Leave to File a Revised Surreply. <u>Jackson,</u> 101 F.3d at 151.

For the reasons set forth above, Defendant Washington Hospital Center respectfully requests that the Court enter an Order denying Plaintiff's current Motion for Leave to file a Surreply Out-of-Time.

Respectfully submitted,

Dated: March 29, 2006                              _____/s/_____
                                                   Keith J. Harrison (D.C. Bar # 416755)
                                                   Daniel M. Creekman (D.C. Bar # 488983)
                                                   KING PAGANO HARRISON
                                                   1730 Pennsylvania Ave, N.W., Suite 900
                                                   Washington, DC 20006
                                                   (202) 371-6800
                                                   (202) 371-6770 (fax)

                                                   Counsel for Washington Hospital Center

78746