IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADY KASSEM**<br><br>     **Plaintiff,**<br>  v.<br><br>**WASHINGTON HOSPITAL CENTER**<br><br>     **Defendant.** | CASE NO.: 1:05-cv-02352<br>Judge Robertson |

**REVISED SURREPLY**

COMES NOW plaintiff Fady Kassem, by and through counsel, and revises his Surreply to defendant Washington Hospital Center's Reply as follows.

**1. An Administrative Remedy May Have Been Available to Plaintiff.**

On or about August 15, 2003, Washington Hospital Center discharged plaintiff Kassem and on August 23, 2003, Mr. Kassem was required to return to Australia where he remained until June 2004. Pursuant to 42 U.S.C. 5851(b), a remedy for a limited series of reasons for the discharge was provided. Plaintiff would have an administrative remedy, if he was discharged for any of the following reasons found in 42 U.S.C . §5851(a)((1)(A)-(F):

(a) **Discrimination against employee**
(1) No employer may discharge any employee or otherwise discriminate against any employee with respect to his compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to a request of the employee)—
(A) notified his employer of an alleged violation of this chapter or the Atomic Energy Act of 1954 (42 U.S.C. 2011 et seq.);

(B) refused to engage in any practice made unlawful by this chapter or the Atomic Energy Act of 1954, if the employee has identified the alleged illegality to the employer;
(C) testified before Congress or at any Federal or State proceeding regarding any provision (or proposed provision) of this chapter or the Atomic Energy Act of 1954;
(D) commenced, caused to be commenced, or is about to commence or cause to be commenced a proceeding under this chapter or the Atomic Energy Act of 1954, as amended, or a proceeding for the administration or enforcement of any requirement imposed under this chapter or the Atomic Energy Act of 1954, as amended;
(E) testified or is about to testify in any such proceeding or;
(F) assisted or participated or is about to assist or participate in any manner in such a proceeding or in any other manner in such a proceeding or in any other action to carry out the purposes of this chapter or the Atomic Energy Act of 1954, as amended.

It is not clear that plaintiff was discharged for any of these reasons, but if it be found that he was discharged for one of those reasons—defendant asserts that it discharged plaintiff in violation of either 42 U.S.C . §5851(a)((1)(A) or (B)-- he would have had the right to file a complaint with the Department of Labor, pursuant to 42 U.S.C §5851(b).  While plaintiff would have had the right to pursue that remedy if he had been discharged for those reasons, he was not required to do so and his rights under Federal or District of Columbia law could not be diminished or otherwise affected.   42 U.S.C . §5851(h).

**2.**     **Plaintiff did not Seek nor Does He Intend To Seek Such A Remedy.**

42 U.S.C . §5851(b) provides in pertinent part:

(b) **Complaint, filing and notification**
(1) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of subsection (a) of this section may, within 180 days after such violation occurs, file (or have any person file on his behalf) a complaint with the Secretary of Labor (in this section referred to as the "Secretary") alleging such discharge or discrimination.

Since plaintiff was discharged on August 15, 2003, his time for filing a complaint under 42 U.S.C . §5851(b) expired on or about February 15, 2004.  Because the remedy

is no longer available to him he does not intend to file for such remedy with the Department of Labor.

### 3. A Dismissal for Failure to Invoke or Exhaust Administrative Remedies May Implicate the Applicable Statute of Limitations.

The instant complaint has two counts of Wrongful Discharge and Intentional Infliction of Emotional Distress. Both causes of action have a three year statute of limitations in the District of Columbia. The statute of limitations for the Wrongful Termination count runs on August 15, 2006. The limitations for Intentional Infliction of Emotional Distress may not run until January or February of 2008 because defendant's actions appear to have continued at least up until that time, when plaintiff was exonerated by the Nuclear Regulatory Commission.

If the Court makes a finding that defendant Washington Hospital Center discharged plaintiff in violation of 42 U.S.C. §5851(a)((1)(A) or (B), and that plaintiff was required to file a complaint with the Department of Labor, a dismissal for failure to exhaust administrative remedies would preclude plaintiff from obtaining a remedy under the law because he did not file within 180 days, even if the limitations period for the two causes of action will not have expired by the date of dismissal.

WHEREFORE, plaintiff requests that the Court deny defendant's Motion to Dismiss.

Respectfully submitted,

_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW, Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for Plaintiff
Fady Kassem