## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADY KASSEM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **05-cv-2352 (JR)** |
| ) | |
| **WASHINGTON HOSPITAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT WASHINGTON HOSPITAL CENTER'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Washington Hospital Center ("Defendant"), through counsel, Crowell & Moring, hereby submits the following Answer and Affirmative Defenses to the Complaint of Plaintiff Fady Kassem. Defendant generally denies the allegations contained in Plaintiff's Complaint and specifically states as follows:

## I.

## ANSWER

1.     Paragraph 1 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required.  To the extent that Paragraph 1 is deemed to contain allegations of fact, Defendant denies the allegations.

2.     Paragraph 2 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required.  To the extent that Paragraph 1 is deemed to contain allegations of fact, Defendant denies the allegations.

3.      Defendant is without sufficient knowledge or information with which to admit or deny the allegation contained in Paragraph 3 of the Complaint, and, therefore, denies the allegations.

4.      Defendant admits the allegation contained in Paragraph 4 of the Complaint.

5.      Defendant is without sufficient knowledge or information with which to admit or deny the allegation contained in Paragraph 5 of the Complaint, and, therefore, deny the allegations.

6.      Paragraph 6 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required.  To the extent that Paragraph 6 is deemed to contain allegations of fact, Defendant denies the allegations.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant admits that Plaintiff was qualified to be a Nuclear Technician at the time of his hire, but is without sufficient knowledge or information with which to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint, and, therefore, denies the allegations.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits that the Nuclear Lab performed nuclear diagnostic activities and was ultimately monitored by the Nuclear Regulatory Commission.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits that the material used in the Nuclear Lab is radioactive and therefore potentially dangerous.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that on July 20, 2003, Nuclear Technician Dioh was injected with nuclear material without the knowledge and approval of a physician or authorized user. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that Plaintiff's employment was terminated on August 15, 2003.  Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

3

## COUNT 1
## Breach of Contract

Count 1 of the Complaint was dismissed.  However, to the extent the factual allegations contained under Count 1 are incorporated in the reminder of the Complaint, Defendant Answers as follows:

29.     Defendant restates and incorporates by reference its Answers to Paragraphs 1 through 28 above in response to Paragraph 29 of the Complaint.

30.     Defendant admits that Plaintiff's employment was terminated on August 15, 2003.  Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Plaintiff's wrongful termination claim was dismissed.  Nevertheless, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Plaintiff's wrongful termination claim was dismissed.  Nevertheless, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

Plaintiff's wrongful termination claim was dismissed.  Nevertheless, Defendant denies and disputes Plaintiff's entitlement to any of the relief set forth in his Complaint including, but

not limited to, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys fees and any other relief.

**COUNT 2**
**Intentional Infliction of Emotional Distress**

40.     Defendant restates and incorporates by reference its Answers to Paragraphs 1 through 39 above in response to Paragraph 40 of the Complaint.

41.     Defendant admits the allegation contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant admits that Plaintiff's employment was terminated on August 15, 2003.  Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Defendant is without sufficient knowledge or information with which to admit or deny the allegations contained in Paragraph 46 of the Complaint, and, therefore, denies the allegations.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant is without sufficient knowledge or information with which to admit or deny the allegations contained in Paragraph 49 of the Complaint, and, therefore, denies the allegations.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint.

Defendant denies and disputes Plaintiff's entitlement to any of the relief set forth in his Complaint including, but not limited to, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys fees and any other relief.

## II.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Complaint against Defendant fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Plaintiff has failed to exhaust internal and administrative remedies prior to filing suit.

#### Third Affirmative Defense

Plaintiff is barred from obtaining the relief sought under the doctrines of after-acquired evidence, unclean hands, latches, waiver and/or estoppel.

#### Fourth Affirmative Defense

Upon information and belief, Plaintiff has failed to mitigate his damages.

#### Fifth Affirmative Defense

Defendant's actions were based on legitimate factors and were not based on retaliatory or other unlawful motives.

#### Sixth Affirmative Defense

This action or any relief sought by Plaintiff is barred, in whole or in part, because Defendant may have additional defenses that cannot now be articulated due to the generality of

Plaintiff's pleadings and the fact that discovery has not yet been completed. Accordingly, Defendant reserve the right to supplement the foregoing and raise additional defenses as may appear as the case progresses.

WHEREFORE, Defendant respectfully request that the Complaint be dismissed in its entirety and that it be granted such other and further relief as it is deemed just and proper.

Dated: April 15, 2008          /s/ Daniel M. Creekman
                              Keith J. Harrison (D.C. Bar No. 416755)
                              Daniel M. Creekman (D.C. Bar No. 488983)
                              Crowell & Moring
                              1001 Pennsylvania Ave, N.W.
                              Washington, D.C. 20004
                              (202) 624-2500
                              (202) 628-5116 (fax)

                              Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 15th day of April 2008, the foregoing

Defendant Washington Hospital Center's Answer and Affirmative Defenses was delivered via

electronic service, facsimile, and first class mail to the following individual:

> Brian Shaughnessy, Esq.
> 913 M Street, N.W.
> Suite 101
> Washington, DC  20001
>
> Counsel for Plaintiff

  _/s/ Daniel M. Creekman_____
Daniel M. Creekman