IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FADY KASSEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-cv-2352 (JR) |
| ) | |
| WASHINGTON HOSPITAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Plaintiff's motion to compel should be denied for three reasons.  First, Plaintiff's motion is moot because Defendant Washington Hospital Center ("the Hospital") has provided responses to all of Plaintiff's discovery requests.  Second, the deadline for discovery has been extended, discovery remains ongoing and thus a motion to compel is premature.  Finally, Plaintiff failed to comply with the Court's oral order of March 26, 2008 requiring the parties to attempt to resolve all discovery disputes with a call to chambers before filing a motion.

Plaintiff's motion to compel should be denied as moot because all of the discovery that Plaintiff seeks has already been provided.  The Hospital has provided responses to Plaintiff's interrogatories, his two requests for production of documents, and has supplemented the documents provided in response to the initial document request when additional responsive documents were discovered.

6252646_1

The Hospital's Response to Plaintiff's Request for Production of Documents and Responses to Plaintiff's Interrogatories were served on Plaintiff's counsel via overnight delivery on August 12, 2008. The Hospital's Response to Plaintiff's Second Request for Production of Documents was served on Plaintiff's counsel via email and first class mail on Friday, August 15, 2008. The documents comprising the Hospital's second production, along with additional documents to supplement the Hospital's initial production, were sent via overnight delivery on August 21, 2008. Put simply, there is no outstanding discovery to compel.

Second, the motion to compel should be denied because discovery remains ongoing. In light of the Court's Minute Order of August 21, 2008, discovery has been extended until September 19, 2008. As discovery continues, the Hospital will continue to supplement its responses if additional responsive documents are discovered.

Third, the motion to compel should be denied because Plaintiff failed to conform to the Court's instructions. At the March 26, 2008, status conference, the Court issued an oral instruction that all discovery disputes should be resolved by a call to chambers, and not through motions.

Accordingly, because the Hospital has responded to all of Plaintiff's discovery requests, and in light of the fact that the discovery period is still ongoing and Plaintiff failed to comply the Court's order, Plaintiff's Motion to Compel Responses to Discovery Requests should be denied.

Respectfully submitted,

Dated:  August 26, 2008                 */s/ Daniel M. Creekman*
                                                          Keith J. Harrison (D.C. Bar No. 416755)
Daniel M. Creekman (D.C. Bar No. 488983)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2500
(202) 628-5116 (fax)
Counsel for Washington Hospital Center

**CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury that on this 26th day of August 2008, the foregoing Opposition to Plaintiff's Motion to Compel was delivered via electronic service to the following individual:

>Brian Shaughnessy, Esq.
>913 M Street, N.W.
>Suite 101
>Washington, DC  20001
>
>Counsel for Plaintiff

                                                */s/ Daniel M. Creekman*
                                                Daniel M. Creekman