**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FADY KASSEM,                        :
                                    :
        Plaintiff,                  :
                                    :
    v.                              : Civil Action No. 05-2352 (JR)
                                    :
WASHINGTON HOSPITAL CENTER,         :
                                    :
        Defendant.                  :

**MEMORANDUM**

        This Court's previous dismissal of plaintiff's
complaint for wrongful discharge and intentional infliction of
emotional distress was affirmed in part and reversed in part by
the Court of Appeals, 513 F.3d 251 (D.C. Cir. 2008).  The
reversal related to plaintiff's claim for intentional infliction
of emotional distress which, the Court held, could not be
dismissed at the pleading stage, because it alleges that the
defendant "intentionally filed a false charge against [plaintiff]
with the NRC -- a charge that could have prevented him from
working as a nuclear technologist and subject him to criminal
penalties" and thus "had . . . consequence other than an adverse
employment action. . . ."  Id. at 256.  The parties took
discovery after the remand, and defendant has now moved for
summary judgment.  The motion correctly asserts that the case now
"hinges on a single issue -- whether the Washington Hospital
Center intentionally filed a false report with the Nuclear

Regulatory Commission stating that plaintiff was involved in an NRC violation." The motion has been fully briefed. The plaintiff has neither adduced any evidence that gives rise to a genuine issue of material fact nor pointed to anything in the record that does so. The defendant is entitled to judgment.

The allegations of Kassem's complaint that captured the attention of the Court of Appeals, and that had to be taken as true for purposes of a motion to dismiss, turned out at the summary judgment stage to be completely unsupported and even (apparently) abandoned. Thus, the allegation that "the Hospital fabricated evidence and pressured Kassem to corroborate it," 513 F.3d at 253, citing compl. ¶¶ 23, 24, is not mentioned in either side's summary judgment papers. The statement attributed by plaintiff in his complaint to a member of the Hospital's investigative team, that "if he said 'what they wanted to hear to make the investigation complete, then he would be able to save his visa and his livelihood and wouldn't be kicked out of the country,'", id., citing compl. ¶ 24, is not repeated in the summary judgment papers. Nor is plaintiff's allegation, compl. ¶ 48, that WHC "made false statements about [Kassem] to the NRC with the intent of inducing the NRC to initiate disciplinary action against" him. 513 F.3d at 253.

Kassem's opposition to the motion for summary judgment focuses, not on WHC's decision to approach the NRC about an

- 2 -

apparent serious violation of NRC regulation, but rather on the
merits of the question whether Kassem was involved or not in the
unauthorized use of nuclear material.  Thus Kassem asserts that
the statement made by Lawrence Dioh (who allegedly was injected
with nuclear material) was "false under oath."  He denies that he
gave an injection to Dioh, emphasizes that the investigation done
by the NRC failed to implicate him, and insists that the
investigation was "irreparably flawed," decl. of Fady Fassem at
¶ 4.  But he offers no evidence, nor does he point to anything in
the record, to dispute WHC's well supported factual statements:
that no renal scan was ordered by a physician for the date in
question; that no authorized renal scan was performed on that
date; that, on that date, plaintiff had ordered radioactive
isotopes that are only used for renal scans; or that the
Hospital, concluding that an unauthorized renal scan had been
performed, decided to report the event.  Kassem's claim that WHC
"intentionally filed a false charge against him with the NRC,"
compl. ¶¶ 48, 50, 513 F.3d at 256, if proven, could have amounted
to intentional infliction of emotional distress, as the Court of
Appeals held.  After conducting discovery, however, plaintiff has
shown himself unable to support that charge with anything except
the *ipse dixit* of his own declaration.

An order granting WHC's motion is issued with this memorandum.


                              JAMES ROBERTSON
                       United States District Judge